O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS BODNAR,          )     Case No. EDCV 09-330-DSF (OP)
                       )
           Petitioner,  )     MEMORANDUM AND ORDER
                       )     DISMISSING PETITION FOR
                       )     WRIT OF HABEAS CORPUS
                       )
      v.              )
                       )
                       )
UNKNOWN,             )
                       )
          Respondent.  )

## I.

## PROCEEDINGS AND BACKGROUND

     On February 17, 2009, Thomas Bodnar ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody  pursuant to 28 U.S.C. § 2254("Petition").  On the same date, Petitioner filed a Motion to Stay his current criminal proceedings.  Petitioner is currently incarcerated at the Riverside County Jail (Robert Presley Detention Center).  (Pet. at 1.)

     According to the Petition, Petitioner has a criminal case pending in the Riverside County Superior Court, case number RIF127887, in which he is charged with one count of attempted lewd act with a child under age fourteen in violation of California Penal Code sections 664 and 288(a). (Pet. at 2; Motion  at

1

2; Official Court Records[1].)  As of February 20, 2009, Petitioner's jury trial was still in progress.  (Official Court Records.)  Petitioner alleges Fourteenth Amendment due process and equal protection claims.  (Pet. at 6.)

## II.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state.

---

[1] The Court takes judicial notice of the state court records for Petitioner's case, which are available on the Internet at http://public-access.riverside.courts.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002 ) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1  <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d

2  225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the

3  prisoner has described in the state court proceedings <u>both</u> the operative facts and

4  the federal legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513

5  U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>,

6  404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); <u>Johnson v. Zenon</u>,

7  88 F.3d 828, 830 (9th Cir. 1996).  Petitioner has the burden of demonstrating that

8  he has exhausted available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d

9  155, 158 (3d Cir. 1982).

10      Petitioner has failed to allege in the current Petition that the claims raised

11  have been presented to the California Supreme Court.  In fact,  Petitioner

12  concedes that his current criminal case is still pending.  As a result, he could not

13  have exhausted his state judicial remedies prior to the filing of the current

14  Petition.  Thus, it appears conclusively from the face of the Petition that the

15  claims alleged have never been presented to the California Supreme Court and

16  are unexhausted.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**III.**

**<u>ORDER</u>**

IT IS THEREFORE ORDERED that the current Petition is hereby dismissed without prejudice to refiling after exhaustion of state judicial remedies.[2]  It is further ordered that the Motion for Stay is denied.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: 2/26/09

HONORABLE DALE S. FISCHER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[2]   This dismissal does not relieve Petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

4